UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STACY L. WEATHERS,             )<br>                                             )<br>            Petitioner,             )<br>    vs.                                   )          2:11-cv-053-WTL-WGH<br>                                             )<br>CHARLES LOCKETT,             )<br>                                             )<br>            Respondent.         )  | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action brought by Stacy Weathers seeking a writ of habeas corpus, and being duly advised, the court finds that Weathers' petition must be **denied.** This conclusion is based on the following facts and circumstances:

1. Weathers is confined in this District serving the executed portion of a sentence imposed by the United States District Court for the Southern District of Indiana in EV 06-34-CR-01-Y/H, wherein he was convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e).

2. Weathers seeks habeas corpus relief based on his contention that he was improperly sentenced as an armed career criminal.

3. The expanded record shows that Weathers and the United States submitted a plea agreement in the underlying criminal action, that the plea agreement was accepted by the court, and that the plea agreement provided, in part, that "in exchange for the concessions made by the United States . . . STACY L. WEATHERS expressly waives his right to appeal the conviction and sentence imposed on any ground . . . [and additionally] expressly agrees not to contest his conviction and sentence or the manner in which his conviction and sentence were determined in any collateral attack, including, but not limited to, an action brought under Title 28, United States Code, Section 2255."

   4.   Weathers was sentenced on August 10, 2007. He did not appeal the disposition of the case.

   5.   A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974); *United States v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).

   a.   However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States,* 359 F.3d 855, 858 (7th Cir. 2004); *see also* 28 U.S.C. § 2255(e).

   b.   A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport,* 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States,* 210 F.3d 770 (7th Cir. 2000).

   6.   Weathers did not challenge his enhanced sentence via an action for relief pursuant to 28 U.S.C. § 2255. He has alluded to such a procedure being unavailable to him, but does not show that a § 2255 remedy would have been inadequate or ineffective to test the legality of his enhanced sentence.

   7.   Even if Weathers had met the burden referred to above, the waiver provision of the plea agreement is clear, is valid, and is sufficiently broad in scope to preclude the present challenge. Weathers has not argued otherwise.

   Based on the foregoing, therefore, Weathers' petition for a writ of habeas corpus is **denied** and this action must be **dismissed**. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: _11/07/2011_

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana